**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YEURY ROBERTO SEVERIN, BAUTISTA, | |
| Petitioner, | Civil Action No. 15-3711 (CCC) |
| v. | OPINION |
| OSCAR AVILES, *et al.*, | |
| Respondents. | |

**CECCHI, District Judge**:

Presently before the Court is a Petition for Writ of Habeas Corpus by Petitioner Yeury Roberto Severin Bautista ("Petitioner") pursuant to 28 U.S.C. § 2241. Petitioner is challenging his detention by immigration officials without a bond hearing. For the reasons stated below, the Court denies the Petition.[1]

## I. FACTUAL BACKGROUND

Petitioner is a citizen of the Dominican Republic who has been in the United States continuously since July 4, 1994. (ECF No. 1 at 5.) On October 20, 2014, he was detained by immigration officials and placed into removal proceedings pursuant to 8 U.S.C. § 1226(c), after having been convicted in New York state court for the criminal sale of marijuana. (ECF No. 5 at 9.) He has been in immigration detention ever since.

---

[1] Because the Court is denying the Petition, Petitioner's Application for an Order to Show Cause, (ECF No. 8), is dismissed as moot.

On May 19, 2015, an immigration judge issued an order of removal against Petitioner. (*Id.* at 10.) On June 2, 2015, Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"). (*Id.*) Also on the same day, Petitioner filed the instant Petition. The Court ordered Respondent to answer on June 30, 2015, (ECF No. 4), and the Answer was filed on August 14, 2015, (ECF No. 5). Petitioner filed a reply on September 14, 2015, (ECF No. 6), and filed an Application for an Order to Show Cause on December 15, 2015, (ECF No. 8). On January 28, 2016, Respondent informed this Court that the BIA had denied Petitioner's appeal on October 29, 2015, making Petitioner's order of removal administratively final. (ECF No. 9 at 1.) Petitioner then filed an appeal with the Second Circuit, as well as a motion to stay removal, (*id.* at 2), both presumably still pending, as neither party has informed the Court otherwise. Petitioner alleges that he has been in continuous detention without having been afforded an individualized bond hearing. (ECF No. 1 at 1.)

## II. DISCUSSION

At the outset, although the Court's order to answer specifically instructed Respondent to address the issues raised in *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015), the Court did so because at the time, a final order of removal had not been issued against Petitioner. Now that such an order has been entered, the Court agrees with Respondent that *Chavez-Alvarez*, which deals with pre-removal-order detention, *see id.* at 474-75, is no longer controlling. While the Petition itself does not raise a claim challenging detention pending removal, Petitioner's claim challenging the length of his detention is applicable to both pre- and post-removal-order detention. As such, the Court addresses Petitioner's claim on the merits.

Detention pending removal ("Post-removal-order detention") is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon waiver of appeal by the respondent." 8 C.F.R. § 1241.1(b). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a) (2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the U.S. Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely pending removal, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. To guide habeas courts, the Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Court determined:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not

> removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, Petitioner's order of removal became final on October 29, 2015, which started his six-month *Zadvydas* period. As of the date of this Opinion, that six-month period has not expired. That alone means this Court must deny habeas relief. *See Hendricks v. Reno*, 221 F. App'x 131, 133 (3d Cir 2007) (holding that the *Zadvydas* six-month period was calculated independent from the length of a petitioner's pre-removal-order detention); *Taylor v. Att'y Gen. of U.S.*, 241 F. App'x 6, 9 (3d Cir. 2007) (same).

Nevertheless, Petitioner argues that because he has filed an appeal with the Second Circuit, his detention is not governed by § 1231. For support, Petitioner cites to two cases from the District of Massachusetts and the Western District of Washington, but neither is binding on this Court. Instead, this Court and other courts in this district have consistently held that the mere filing of an appeal with the circuit court challenging a final order of removal does not convert a post-removal-order detention back into a pre-removal-order detention. *See Velasquez v. Castillo*, No. 16-0028 (ES), 2016 WL 554583, at *3 (D.N.J. Feb. 10, 2016); *Rone v. Aviles*, No. 15-3798 (KM), 2016 WL 158521, at *5 (D.N.J. Jan. 13, 2016); *Phrance v. Johnson*, No. 14-7693 (CCC), 2015 WL 8361780, at *2 (D.N.J. Dec. 8, 2015); *Brodyak v. Davies*, No. 14-4351 (JLL), 2015 WL 1197535, at * 2 (D.N.J. Mar. 16, 2015).

Indeed, the Third Circuit has recognized a reversion of post-removal-order detention to pre-removal-order detention only upon a grant of stay by the reviewing court, as contemplated by § 1231(a)(1)(B)(ii). *See Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) (finding that petitioner was not detained under § 1231 because he was "subject to and within a stay of

removal").[2] As noted, § 1231(a)(1)(B)(ii) provides "if the removal order is judicially reviewed and if a court orders a stay of the alien's removal," the post-removal detention period begin to run on "the date of the court's final order." *Id.*; *accord Taylor*, 241 F. App'x at 9. This means that, while the stay is in effect, the petitioner reverts to pre-removal-order detention.

Here, Petitioner does not assert that a stay of his removal has been granted by any court. As such, Petitioner's challenge with regard to the length of his immigration detention is premature under *Zadvydas*, and is denied without prejudice. Petitioner may file a new petition once the six-month period has passed, if he is still being detained awaiting removal, provided he can show there is no significant likelihood of removal in the reasonably foreseeable future.[3]

### III.  CONCLUSION

For the reasons set forth above, the Petition is **DENIED WITHOUT PREJUDICE**. Petitioner's Application for an Order to Show Cause is **DISMISSED** as moot.

_____
Claire C. Cecchi, U.S.D.J.

Dated: April 12, 2016

---

[2] The Court notes, however, the Third Circuit has acknowledged that it has not reached an explicit decision on whether the mere filing of an appeal converts a post-removal-order detention into a pre-removal-order detention. *See Alexander v. Att'y Gen. U.S.*, 495 F. App'x 274, 276 n.1 (3d Cir. 2012).

[3] Petitioner should be mindful that since he filed a motion for stay along with his appeal to the Second Circuit, his *Zadvydas* period is tolled during the pendency of that motion—that is, the time during which that motion is pending does not count against the six-month period. *See Phrance*, 2015 WL 8361780, at *2.